CHARLES R. FROST and another *vs.* CHARLES J. WALKER and others.

*Unincorporated joint-stock companies—who are members—their liabilities.*

Every member of an unincorporated joint-stock company is personally liable for all of its debts.

It is sufficient to authorize a finding that persons are members of such company, if it be proved that their names are signed to the subscription papers for its capital-stock, and that they paid, without objection, assessments for the number of shares set against their respective names, even though it be not shown by whom their names were so subscribed.

By thus contributing to the working capital, the subscribers became entitled to share in the profits of the company, and liable, as co-partners, for its debts.

It seems that there is no distinction, in respect to their liability, between a subscriber for stock and a stockholder; however this may be, an actual payment of assessments, upon shares subscribed for, will create such liability.

ON EXCEPTIONS.

ASSUMPSIT upon an account annexed for labor and materials furnished the New England Express Company, an unincorporated, joint-stock association. Upon one of the original subscription papers to its stock were the names of the defendants; but, as to several of them, there was no direct proof of genuineness, nor how they came there. It was shown, however, that they subsequently

paid assessments upon the number of shares set against their respective names. The labor and materials were supplied at the request of the President of the company, to fit up its office in Portland, which was done under a vote of its executive committee, of which the president was a member. To the admission of this testimony defendants objected, and asked the court to rule it insufficient to prove the defendants members of the New England Express Company, or jointly liable, or that the president was authorized to contract for the company. This the judge refused to do, but did instruct the jury that, if they were satisfied the labor and materials were furnished by plaintiffs at the request of the New England Express Company, or its duly authorized agent, and that defendants were then members of the company, their verdict should be for the plaintiffs.

The verdict was for the plaintiffs and the defendants filed exceptions.

*J. & E. M. Rand*, for plaintiffs.

The New England Express was a joint-stock association, a partnership, as appears by its ' Articles of Association,' which have been so construed by the court in Massachusetts in *Taft* v. *Ward*, Mass.

Its contracts are those of its individual members, who are each liable thereon. Defendants paid assessments 'on stock, which establishes their membership.

*S. C. Strout, Wm. L. Putnam*, and *A. A. Strout*, for defendants.

Facts not being disputed, the question of liability is one of purely legal inference. Plaintiffs' remedy is against the president. They did not do the work with any idea that either of these defendants would be personally liable to them.

There is a difference between a subscriber for stock, who thereby simply agrees that he will take some stock in the future, and one who is already a stockholder. These defendants had not been admitted to ' a community of interest.' *Fox* v. *Clifton*, 6 Bing. 776 *Tyrrell* v. *Washburn*, 6 Allen, 473 ; Collyer on Part. § 1086.

Question of membership not entirely one of fact, but partly, if not wholly, of law. Its submission to the jury, with that of whether or not the articles were furnished at the request of the company, or its authorized agent, without more specific instructions, was erroneous. *Veazie* v. *Chester,* 53 Maine, 34, 35.

WALTON. J. An unincorporated joint-stock company is a mere partnership, and each member is personally liable for all its debts. ' It is important for the public to know, that if persons connect themselves with a company of this description, they are every one of them liable to pay the demands upon it.' Chief Justice *Abbott* in *Keasley* v. *Codd,* 2 C. & P. 408. See also to the same effect, *Tappan* v. *Bailey,* 4 Met. 535, and *Tyrrel* v. *Washburn,* 6 Allen, 466.

The New England Express Company was never incorporated. It was, therefore, a mere partnership, and each member was personally liable for all its debts. This is not denied.

But it is insisted that the evidence was not sufficient to warrant the jury in finding that these defendants were members of the company.

We think it was. The defendants' names are signed to what purports to be a subscription to the capital stock of the company, and they allowed themselves to be assessed for the precise number of shares set against their names, and paid the assessments without objection; and we think it is a reasonable inference that they would not have done this, if they had not either signed the paper in person, or authorized some one to sign it for them, or ratified the signing after it was made. And by thus contributing to the actual working capital of the company, we think they became entitled to share in the profits of the business, in case profits should be realized; and that this, by operation of law, made them co-partners, and liable for the co-partnership debts.

It is stated by an English author, as the result of a very full examination of the English cases, that shareholders and subscribers alike embark together in a concern of which they expect to share

the profits or losses ; and that 'they are liable as partners, whenever they have agreed, unconditionally, to become shareholders.' Smith's Law of Contracts, 262, 3d Am. ed.

And it was held in *Spear* v. *Crawford*, 14 Wend. 20, that a subscription in these words, 'We, the subscribers, do severally agree to take the shares, by us severally subscribed, in the Harlaem Canal Company,' made the subscriber liable as a stockholder to the creditors of the company, although he had paid no part of his subscription, and had never done any act whatever as a stockholder. There, as here, the point was distinctly taken, that a mere subscription for stock did not make the subscriber a stockholder ; but the court held otherwise ; and we are not aware that the correctness of the decision has ever been questioned.

But it is not necessary, in this case, to decide whether an unconditional subscription for shares will, alone, make the subscriber liable as a partner ; for these defendants not only subscribed for shares, but actually paid one or more assessments upon them ; and we cannot doubt that, by thus contributing to the actual working capital of the company, they became entitled to share in its profits, if any should be made, and, as a legal consequence, became partners in the concern, and liable, as such, to its creditors.

Our conclusion, therefore, is that the requested instruction, that the evidence was not sufficient to authorize a verdict for the plaintiffs, was properly withheld, and that the instructions given were correct.                              *Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; CUTTING, DICKERSON, and BARROWS, JJ., concurred.